**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIELLE MAFFEO, | No. 10-17620 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02274-HDM-LRL |
| v. | |
| STATE OF NEVADA, ex Rel. Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas; a political subdivision of the State of Nevada; KAREN WEST, individually and as Dean of the School of Dental Medicine of the University of Nevada, Las Vegas; DOES I-XX, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Submitted December 7, 2011[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TROTT and BEA, Circuit Judges, and STAFFORD, Senior District Judge.***

The University of Nevada Las Vegas expelled Danielle Maffeo from its dental school because of her multiple academic failures in courses and her failure to comply with conditions of academic probation. She unsuccessfully brought suit in state court effectively seeking (1) to overturn the University's decision, and (2) to be reinstated. Undaunted, she brought this action two years later in district court, alleging substantive and procedural due process violations under 42 U.S.C. § 1983. With the explicit consent of both parties, the collective defendants' motion to dismiss was converted into a motion for summary judgment, which the court granted in their favor. She appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

After thoroughly reviewing the record, we conclude as follows.

1.      The district court did not err in converting the motion to dismiss into a motion for summary judgment. We note that Appellant's counsel said he had "no objection" to the court's suggestion, and that the record was sufficient to do so. Contrary to Maffeo's claim, the district court did not prohibit her from conducting additional depositions. In any event, she fails to indicate what additional evidence

***      The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

2

she was prevented from developing. Finally, she failed to file an opposition or supplemental brief to the motion for summary judgment.

2.      The record conclusively establishes that Maffeo was afforded extensive procedural and substantive due process by all concerned in the lengthy series of meetings and hearings that led up to her removal from the University's dental school.

3.      The court's decision that the Eleventh Amendment barred claims against the State Board of Regents and Dean West in her official capacity was correct.

4.      Dean West was manifestly protected in her individual capacity by qualified immunity.

5.      Maffeo did not establish a genuine issue of fact on any of the claims or issues in her complaint.[1]

AFFIRMED.

---

[1]      We note that Jason Bach's briefs were woefully misleading by omission of material facts and circumstances about the progress of this case in district court. We note also that this appeal is wholly frivolous. Fed. R. App. P. 38.